Adam Marks v. Defendant Appellant Scott David Smith This case relates to an employment relationship that left both the employer and the employee claiming they were owed money by the other, but the issues before this court relate to the procedure rather than the underlying facts of the case. I'm going to address two points that are crucial to the court's resolution of this appeal. First, the difference between an affirmative defense of set-off on the one hand and a counterclaim on the other, and second, why counterclaims should be treated as meritorious defense for purposes of a motion to set aside a default. A set-off affirmative defense and a counterclaim are distinct legal concepts. If a debt is liquidated in mutual, even though it arises from an unrelated transaction, then it is a set-off and a party may assert an affirmative defense on that basis. If a claim arises out of the same transaction as the claim at issue, it is a counterclaim. The district court did not analyze Mr. Smith's set-off defense and his counterclaim separately. Although the district court concluded that Mr. Smith's set-off defense was not meritorious because the debt due was not liquidated, it did not analyze whether Mr. Smith's counterclaim, which does not require a liquidated debt, was a meritorious defense for purposes of setting aside the default. It was error for the district court to complete the analysis of whether the set-off constitutes a meritorious defense. Well, can I interrupt you for a second? I mean, it seems to me that you didn't argue this point really in front of the district court, right? The distinction between the counterclaim and the set-off. It was pled, Your Honor, both a counterclaim and a set-off. It was referred to in some of the briefing, which I don't believe is in the appendix here. But the argument was made, though, perhaps not with the force that it should have been. Okay, go ahead. It was error for the district court to conflate the analysis of whether the set-off constitutes a meritorious defense with whether Mr. Smith's counterclaim for breach of contract constitutes a meritorious defense. Moving to the second point, because the district court failed to appreciate the distinction between the set-off defense and the counterclaim for breach of contract, it abused its discretion by improperly concluding that Mr. Smith did not have a meritorious defense. But what's your basis for saying there's all this magic in a counterclaim? It's not clear to me from Connecticut law or statute that that's the case, but that's really the point you make over and over again in your brief. So what's your best case? What's the best of both? Certainly, Your Honor. The Fourth Circuit is the only circuit that has expressly addressed this issue. And we quote and refer to cases within our moving brief from the Fourth Circuit. And the test, actually, in the Fourth Circuit is worded in such a way that it incorporates a counterclaim into the idea of a meritorious defense. The case law within Connecticut and the circuit courts throughout the country is widely varied. Some find that a counterclaim can be a meritorious defense for purposes of setting aside a default, while other courts hold otherwise. So as I said, the Fourth Circuit has expressly held that a counterclaim may constitute a meritorious defense if the party seeking to set aside the default proffers evidence that would establish a valid counterclaim. But what law should we be applying here? Well, the law, Your Honor, is arguably the Connecticut state law, which is silent. So what does the Fourth Circuit have to do with any of this? Well, I submit it to Your Honor as authority that may help with the analysis. The Connecticut state court, the trial courts are in disagreement, and the appellate courts have not weighed in on the issue. Well, I mean, it seems to me that the cases that really have looked at it, I agree that it's superior courts that have led the way on this. But most of them seem to say for a judgment, like this one, the only collateral attacks would be constitutional challenges. You can't be just sort of mounting new contract claims, call them counterclaims, and then stay the judgment. Well, I think that relates... Because API technologies is the one that I think stands out. You're just saying that one's wrong? Well, I think that relates more to asserting a defense to a claim under the general statutes for non-recognition of a foreign judgment, as opposed to a counterclaim that could be a counterclaim. We're certainly not attacking the recognition of the judgment. We asserted an affirmative defense of set off the district court rule on that. This is not an issue of recognition. This is an issue of whether a counterclaim can be the basis of a meritorious defense for setting aside a default. Allowing a counterclaim to be considered a meritorious defense is logical because it avoids the absurdity of one party here, Mr. Smith, paying his adversary, when it's actually Mr. Smith who is owed money by bionics. Well, it seems to me the more likely scenario is what seems to be happening here, which is it allows somebody who didn't show up to litigate, didn't show up for the initial default, and now asserts at the 11th hour a fairly conclusory contract claim, calls it a counterclaim, and then gets to stay the judgment. That seems to me to be the more likely situation. Well, I think you're honoring- In a more absurd way. Perhaps in a more absurd way. I think looking at the facts of the case here, there's none of this 11th hour, you know, kind of abuse of the system. The court below found that there was no prejudice to bionics. Mr. Smith filed his appearance shortly after a default, having misunderstood his deadline for pleading, and their motion to set aside the default was filed shortly thereafter, as Mr. Hay acknowledges in his brief as well. This was not a case where a party was ignoring his legal obligations shortly after realizing that he had missed the deadline, he appeared and filed a motion- Mr. Marks, isn't the question before us whether you have a defense to recognition under the statute of the foreign judgment, not whether you've got a defense to the underlying claim. I mean, you may have a counterclaim here if you had shown up originally, but now we have to consider whether this is a claim that's a defense to recognition of the foreign judgment. And that's, that's statutorily prescribed. And I don't see how you fit yourself within the statutory categories. Your Honor, I don't, I don't necessarily think that's the question that needs to be addressed here. I believe the question before this court is whether there is a meritorious defense to set aside the default. Now, if- No, I understand that, but that is prescribed by statute. Understood. But if a counterclaim is considered a meritorious defense, not to recognition, but to the claim at issue, then it is a, it is a defense to the set aside, and it can be considered on the merits below. But which, which category do you fit into? The foreign judgment is not conclusive if there are three options. The foreign judgment need not be recognized if there are six options. Which one do you think your claim fits into? Again, Your Honor, we're, we're not arguing that we fit into a category of non-recognition. We think that the courts within the, the Fourth Circuit and other courts that we have, other cases that we've cited in our briefing, including some in, in Connecticut, address this issue and, and don't, and say that you don't necessarily have to have a statutory defense to assert a counterclaim. Right, but the action in the Connecticut court was for recognition of a foreign money judgment. It wasn't an action on the claim that led to the foreign money judgment. And so to the extent you don't want to, you're looking to have a default lifted on that action for recognition. I'm not sure you, I'm not sure I understand why you don't think you have to fit within one of the statutory grounds for non-recognition. Because Your Honor, and perhaps I'm not articulating myself clearly, the, the, the issue here is we, we are not seeking non-recognition. We, we recognize that there is a foreign judgment. We've noted in, in footnotes within the brief potential issues that, that were not raised or of record. And should this case ultimately be remanded back to the district court, we'll seek to raise those. But before this court, what we're arguing is, again, is not non-recognition, but a valid counterclaim that while not a, a set off per se, because it's not liquidated, operates to offset debts due between the parties. But counterclaim to which action? The Connecticut action or the foreign action? Well, within the, the confines of the federal rules of civil procedure, we'd argue the, the Connecticut action, the, the other, the, the action that's seeking to be registered was a Singaporean action, which obviously does not follow the federal rules here. But we would argue that the counterclaim is one under, under the federal rules in the recognition action. Do you have any authority where a court has considered a contract counterclaim in an action to enforce, enforce a foreign judgment? In an action to enforce a foreign judgment? No, Your Honor. I mean, counterclaims have to be pretty tightly confined to the allegations of the complaint. They have to track it pretty well. This is not a contract dispute. This is an action to enforce a foreign judgment. It seems that you're confusing the two. Doesn't the fact of your counterclaim turn on what the actual claim is? What the, what the, what the action is that initiated this thing? Your Honor, I, I don't disagree with the, the statement that this is a contractual counterclaim that we are raising that that's, that's correct, Your Honor. We're, we're raising a breach of contract, or we're raising a breach of contract claim for, for breach of the employment agreement. And, all right, well, let's stop there. We've gone over, but we want to hear from Mr. Hay. Mr. Hay, you've got 10 minutes. Mr. Marks, you've got two minutes to go. Thank you, Your Honor. Good morning, Your Honors. May it please the court. I am John Hay from Dentons, representing the Plaintiff Appellee Bionics International. I think it's important to focus on the procedural history in the case, which is not disputed here. As Your Honors have correctly pointed out, this is a case in which the sole remedy that the plaintiff is seeking is recognition under Section 50A-32 of the Connecticut Foreign Money Judgment Recognition Act to enforce or, and recognize a approximately $230,000 judgment against Mr. Smith in favor of bionics rendered by the High Court of Singapore. Now, Mr. Smith defaulted in the Connecticut recognition proceeding. Bionics moved and was granted entry of default pursuant to Rule 55A. And in response to bionics motion for default judgment, Mr. Smith filed this motion to set aside the default along with a proposed answer and counterclaim. We responded to the answer and counterclaim by saying that it's a nullity, but nevertheless protected our interest in providing an answer to the counterclaim. Mr. Smith now appeals arguing that the district court ignored and didn't fully consider the counterclaim. As an initial matter, as counsel for Mr. Smith just acknowledged, Mr. Smith does not in any way challenge the propriety of the Singapore judgment or its proceedings. Rather, his sole defense is based on a counterclaim independent of the Singapore proceedings. Now, notwithstanding Mr. Smith's efforts to confuse the issue, the law is clear that an alleged counterclaim is not a meritorious defense to an action to foreign country's judgment. Section 50A32 of the Uniform Acts specifically enumerates the exclusive grounds for non-recognition of a foreign money judgment and neither setoff nor counterclaim are included within those grounds. Defendant points to no authority from Connecticut or elsewhere holding that counterclaim is a defense to an action to enforce a foreign judgment. Conversely, plaintiff in its brief at page 11 and 12 directs the court to the Carvel Foundation case and the judge in the lower court also relied on the Ottawa Valley food case, both of which were situations like this where the judgment debtor sought to forestall the enforcement and the court held that counterclaim was not a valid basis for not immediately recognizing the foreign judgment. Now, in its reply, and again today during argument, defendant attempts to confuse the issue by asserting that the issue here is whether in an action to recognize a foreign award the debtor can assert a counterclaim. In that regard, defendant argues that the law in other jurisdictions is mixed and goes on to request that this court ask the Supreme Court of Connecticut to rule on such question. However, that is not the issue in the case. While interesting from a legal perspective, the issue it is irrelevant to the matter before the court. This is not a case where the defendant timely filed an answer and counterclaim. Rather, Mr. Smith defaulted. And the issue before the court is whether the district court abused its discretion when it denied defendants motion to set aside the default because he has no merit meritorious defense. Thus, the issue in this case is much more limited. The sole issue before the court is whether the counterclaim is a meritorious defense to an action to recognize a foreign judgment. And for the reasons I've stated previously, the answer to that is most decidedly no. I mean, it seems to me that it might have been easier to just say I'm dismissing your counterclaim. It's got no business being in this action. And that would have perhaps clarified the situation. But the end result would have been the same, which is there's no defense to the enforcement of the foreign judgment and the judgment and order would be issued to that effect, right? That's correct. And the cases that the defendant cites where he says that they're mixed, those cases are different in nature because, you know, they're a situation where one party is sued for recognition and the other side, you know, and not in the default situation, just asserts a counterclaim, not necessarily opposing recognition, but just asserting a counterclaim. And the courts are mixed as to whether they can do that in that context. But that's not this context. This context is merely a situation where, you know, do you have a defense to the recognition? And in that case, as you've just heard, counsel admit he has no defense to recognition. And for that reason alone, the court was correct. The lower court was correct in not setting aside the default. Thank you. Happy to answer any other questions. No, hearing none. We'll go back to Mr. Marks for two minutes. Thank you, Your Honor. I think, Your Honor, perhaps what should have been done at the lower court if the plaintiff below felt that the counterclaim had no basis, and that would be to file a motion to dismiss on those grounds. And instead, the plaintiff answered the counterclaim and did not move to dismiss. Had plaintiff moved to dismiss and the court granted that dismissal, then this question wouldn't be before us here, there would be no pending counterclaim and judgment could have entered. I think I probably would have if I were the district judge, I think I probably would have done it. And then I probably would have sanctioned it was given me an opportunity to explain why I should. But it certainly doesn't seem to me to be a defense at all. And and Your Honor, I appreciate that that position. I would direct the court to the natural baby case cited in the reply brief at page 15, which is a Connecticut Superior Court case that allows a counterclaim against a plaintiff's action for to enforce a foreign judgment. Again, that's a state court claim. And it stands to show that there is is no agreement among the state courts in Connecticut as to precisely how to handle this issue. But if Your Honors have no no further questions, I will. I will see the rest of my time. Thank you. We will reserve decision that concludes